CRAIN, Judge.
As the result of an audit Saia Electric Co., Inc. (Saia) was assessed a general Louisiana sales tax for the period of January 1, 1982, through December 31, 1984, in the amount of $23,626.80 by the Louisiana Department of Revenue and Taxation (Department). This amount included sales tax of $15,066.91, interest of $3,580.60 and a delinquent penalty of $4,979.29. Saia appeal *388 ed to the Louisiana Board of Tax Appeals (Board). The Board affirmed the general sales tax assessment but set'aside the penalty. From that decision both parties appealed to the Nineteenth Judicial District Court; Saia appealed the general sales tax assessment and the Department appealed the penalty waiver by the Board. The appeals were consolidated. The district judge affirmed the penalty waiver and reversed the general sales tax assessment. The Department appeals both judgments. '
FACTS
The general sales tax assessment was levied by the Department on a só-called “transportation revenue agreement” between Saia and Mutual Enterprises, Inc. (Mutual) wherein. Mutual agreed to provide Saia with “trucks, tractors, automobiles, and related maintenance assessories” for a period of twelve months, beginning January 1, 1982 and ending December 31, 1982. The same basic contract was renewed for the pertinent years of 1983 and 1984. The department considered the contract to be a lease rather than a service agreement and taxed it accordingly. A penalty was also assessed for failure to pay the tax. The Board agreed, but waived the penalty. The district court also agreed, but held that as a lease the contract is exempt from sales tax under La.R.S. 47:305.23 and 36.E. The district court upheld waiver,of the penalty.
As presently presented' to this court • there is no argument as to whether the contract is a lease or a service agreement. The only issue is whether the exemptions should be applied to the contract considered a lease, and whether the penalties were properly waived by the board.
APPLICATION OF THE EXEMPTIONS
Until September of 1982 leased vehicles were exempt from the imposition of sales or use taxes on the lease payments, provided the term of the lease exceeded six months, and the sale and use tax imposed on the sale price or cost was paid to the state when the vehicle was titled in the state or transferred into the state. La.R.S. 47:305.23 (as it appeared prior to its repeal by La.1982 Acts, No. 415, § 3). After repeal of this exemption, the lease proceeds are taxable but the sale is exempt from taxes if the vehicle" is to be used in this state exclusively for lease or rental. La. R.S. 47:305.36(A). Vehicles which were transferred into or titled in this state and leased for more than a six month term, prior to repeal of the exemption in September of 1982, remained exempt from the lease tax, apparently under the assumption that sales and use taxes would already have been collected on the original sale or transfer. La.R.S. 47:305.36.E(2).
The Department does not argue that. these exemptions do not apply.. It also does not argue that the sales tax would not have been paid on the vehicles if sold or transferred into this state prior to repeal of La.R.S. 47:305i23. 'It simply argues that evidence was not taken before the Board to warrant application of these exemptions. This argument lacks merit:
The district court has the power to review any decision or judgment of the Board to determine if it is in accordance, with law. La.R.S. 47:1435. The exemptions are a part of the law and the district court obviously has the authority to determine whether the Board did or did not apply them correctly. The only' question would be whether there is evidence in the record proving the predicates necessary for application of the exemption. We are satisfied with the record in this regard. The vehicles were leased, the lease was for a term in excess of six months and the vehicles at issue were placed in lease prior to repeal of the exemption. The only remaining question would be whether sales and use taxes were collected when the vehicles were transferred into or titled in this state. Since the law in effect at that time required the collection of such taxes, we must assume the law was complied with absent proof to the contrary. Consequently, we affirm the decision of the district court applying the lease exemption to these vehicles.
REMOVAL OF THE PENALTY BY THE BOARD
The Department argues that the Board could not waive the penalty imposed *389 by the Department regardless of the Board’s decision with reference to the imposition of taxes. Support for this argument is supposedly found in La.R.S. 47:1451 which gives the Board authority to approve a waiver where the Collector of Revenue has decided to waive the penalty. By some convoluted reasoning the conclusion is reached by the Department that, since the statute mentions only the Board’s right to approve a waiver of a penalty, the Board does not have the authority to reverse the imposition of a penalty. This argument obviously is without merit. If the Department’s position were upheld the Board could reverse the imposition of a tax by the Department but would have to leave in place a penalty imposed by the department on a tax found not to be owed. Supposedly, the courts would be under the same restraint.
The authority of the Board is to act on a taxpayer’s appeal for a redetermination of an assessment. La.R.S. 47:1431. This includes any assessment of tax or penalty. The Board’s authority is broader. Although it may waive the imposition of a penalty by the Department, it also has to approve any penalty waiver made by the Department.
We affirm the judgment of the district court in all respects. Costs of this appeal in the amount of $219.52 are assessed to the Department.
AFFIRMED.