CRAIN, Judge.
This is an appeal by the State of Louisiana Department of Revenue and Taxation (Department) from a judgment of the district court affirming the decision of the Board of Tax Appeals (Board).
Consolidated Companies, Inc. (Conco) was assessed the sum of $71,567.45 by the Department for delinquently filing required tax reports for the months of June, July *170 and August of 1987. Conco appealed the assessment to the Board of Tax Appeals pursuant to La.R.S. 47:1401-1486. The Board determined that Conco was not subject to the assessments for the months of June and July; Conco was subject to the assessment of $22,060.80 for the month of August only. The Department sought judicial review of the Board’s decision by the Nineteenth Judicial District Court which affirmed the Board’s decision.
In the first and second assignments of error, the Department contends that the 6% discount is a tax which the Department is authorized to impose. It is not waivable and the Board and trial court erred in treating it as waivable. In the third assignment of error the Department alleges that the findings of the Board and district court are not supported by the record.
Pursuant to La.R.S. 47:843, wholesale cigarette dealers are required to purchase tax stamps from the Department and affix or stamp them to the cigarette containers prior to being shipped to retail dealers. (Dealers may alternatively use metered stamping machines.) The stamps “shall be sold ... at a discount of six percent from the face value_” La.R.S. 47:843(C)(3). La.R.S. 47:843(C)(6) provides that a wholesale dealer “who fails to timely file the reports and pay the taxes due on an open account shall forfeit the six percent discount allowed at the time of purchase of such tax stamps....” The monthly report “shall be submitted” no later than the 20th day of the following month. La.R.S. 47:851(B)(1). Failure to do so “will subject the dealer to forfeiture” of the 6% discounts authorized in La.R.S. 47:851 and 843. La.R.S. 47:851(B)(3). The dealer may apply to the Department for an extension, the granting of which is at the discretion of the Department. 47:851(B)(3).
The Board is authorized to act on a taxpayer’s appeal for a redetermination of an assessment. This includes the assessment of either a tax or penalty. Saia Electric, Inc. v. McNamara, 540 So.2d 387 (La.App. 1st Cir.1989). Thus the Board is authorized to redetermine the assessment in the case before us. The Board acts as a trial court and its factual findings should not be set aside unless manifestly erroneous. Collector of Revenue v. Murphy Oil Corp., 351 So.2d 1234 (La.App. 4th Cir.1977).
It is undisputed that the three monthly reports at issue were not timely filed and that in the past, the Department had not enforced the forfeiture of the 6% discount provision for such infractions. By letter dated May 11, 1987, the Department sent written notification to all dealers to the effect that late filing would henceforth result in the forfeiture of the 6% discount on the purchase of tax stamps.
In oral reasons for judgment, the Board found that Conco had understandably relied on and assumed that the past practices of the Department in not requiring the taxpayer to forfeit the discount would continue. For that reason the Board allowed Conco the 6% discount for the months of June and July. However, the Board was of the opinion that by the time the August report was filed, Conco had sufficient time to acquaint itself with the new Department policy of enforcing the forfeiture of the 6% discount. Thus, it upheld the Department’s assessment for the month of August. We find no manifest error in the findings of the Board. Accordingly, the judgment of the district court is affirmed. Costs in the sum of $664.10 are assessed against the State.
AFFIRMED.