McClendon, j.
I i>The plaintiff, Enterprise Leasing Company of New Orleans (Enterprise) appeals the judgment of the trial court that determined that the gross proceeds derived from the lease or rental of automobiles includes any amounts collected for collision damage waiver (CDW) payments. The defendant, Michael Curtis, in his Capacity as Director of the Livingston Parish School Board, Sales Tax Division (Livingston Parish), answered the appeal. For the reasons that follow, we affirm in part, reverse in part, and amend.
FACTS AND PROCEDURAL HISTORY
Enterprise is engaged in the business of renting automobiles in numerous Louisiana parishes, including Livingston Parish. When renting an automobile from Enterprise, the customer has the option to accept responsibility for damage to the automobile, or to purchase CDW.[1] If the customer elects to purchase CDW, Enterprise waives the right to recover damages from the customer for physical damage to the rented automobile.
The dispute in this matter arose when Enterprise was assessed $25,212.01 in sales and use taxes, for the audit period from January 1, 2000, through July 31, *977 2003, on CDW payments collected by Enterprise from its customers. During the audit period in question, Enterprise collected from its customers sales taxes on the charge for rental of the automobile, but did not collect nor remit sales taxes for CDW payments. As a result of the assessment, Enterprise paid under protest the $25,212.01 amount in sales taxes, interest, and penalties. Thereafter, Enterprise filed suit asserting that |SCDW payments are not taxable and requested a refund of the amount paid plus additional interest. Livingston Parish answered the petition and filed a reconventional demand that included a request for attorney fees in the amount of ten percent of the amount due.
On June 21, 2005, Livingston Parish filed a motion for partial summary judgment contending that it was entitled to judgment as a matter of law for the amount of the taxes, interest, and penalties paid under protest. Livingston Parish further alleged that it was statutorily entitled to reasonable attorney fees for the collection of the taxes due, but that because liability for the amount of the attorney fees was not part of the motion for partial summary judgment, it reserved its rights regarding this issue. On September 1, 2005, Enterprise filed a cross-motion for summary judgment asserting that it was entitled to judgment as a matter of law because CDW receipts are not taxable.
On June 21, 2005, Livingston Parish also filed a motion to strike as irrelevant certain paragraphs from Enterprise’s petition in which Enterprise alleged that certain other taxing authorities in Louisiana have not pursued collection of the tax at issue in this matter.
The motions were heard and taken under advisement. On October 24, 2006, the trial court issued reasons for judgment, concluding that CDW charges are part of the gross proceeds of automobile rentals and are therefore taxable. Accordingly, the trial court granted Livingston Parish’s motion for summary judgment and denied the motion for summary judgment filed by Enterprise. The court additionally granted Livingston Parish’s motion to strike, agreeing with Livingston Parish that what was done by other taxing bodies was irrelevant to a determination of the pending legal issues. On November 7, 2006, the trial court issued supplemental reasons for judgment | regarding the attorney fees issue, determining that it was not reasonable to impose any attorney fees, although it ruled in favor of Livingston Parish on the tax issue. Judgment was signed on November 7, 2006. Enterprise appealed and Livingston Parish answered the appeal.
Thereafter, this court, ex propria motu, issued a show cause order why the appeal should not be dismissed as the judgment did not contain language disposing of and/or dismissing the claims of Enterprise. An interim order then followed remanding the matter for the limited purpose of having the trial court sign a valid written judgment.[2] On May 14, 2007, an amended judgment was signed by the trial court, granting Livingston Parish’s motion for summary judgment and “declaring that the gross proceeds derived from the leases or rentals generated by [Enterprise] are subject to lease and rental taxes and shall *978 include any amounts collected for collision damage waiver payments.” The amended judgment further denied the summary judgment motion filed by Enterprise, “including denial of [Enterprise’s] claim for a refund of $25,212.01 previously paid under protest, representing amounts representing sales and use taxes on amounts previously paid by customers to [Enterprise] as collision damage waiver payments, and for interest on such amounts.” The judgment also granted Livingston Parish’s motion to strike and denied Livingston Parish’s request for attorney fees, as in the original judgment.
ASSIGNMENTS OF ERROR
On appeal, Enterprise raises the following assignments of error:
ls(l) The trial court committed error by finding that the CDW charges are part of the “gross proceeds of rentals” of motor vehicles.
(2) The trial court committed error by failing to find that the sale of CDW, an incorporeal right, is not subject to sales taxation.
(3) The trial court committed error by failing to construe any doubt as to the meaning of the sales tax provisions in favor of the taxpayer and against taxation.
(4) The trial court committed error by upholding imposition of a 25 percent penalty against Enterprise.
(5) The trial court committed error by striking Enterprise’s evidence on the tax treatment of CDW by other Louisiana taxing jurisdictions and Enterprise’s good faith.
In its answer to the appeal, Livingston Parish contends that the trial court erred in denying it statutory attorney fees. Livingston Parish also seeks additional attorney fees for this appeal.
STANDARD OF REVIEW
Appellate courts review summary judgments de novo using the same criteria that govern the trial court’s consideration of whether a summary judgment is appropriate. Guillory v. Interstate Gas Station, 94-1767, p. 5 (La.3/30/95), 653 So.2d 1152, 1155. The summary judgment procedure is favored and shall be construed to accomplish the just, speedy, and inexpensive determination of actions. LSA-C.C.P. art. 966 A(2). A motion for summary judgment is properly granted only if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that the mover is entitled to judgment as a matter of law. LSA-C.C.P. art. 966 B.
| ^DISCUSSION
The function of statutory interpretation and the construction to be given to legislative acts rests with the judicial branch of the government. Anthony Crane Rental, L.P. v. Fruge, 03-0115, p. 3 (La.10/21/03), 859 So.2d 631, 634. Under the general rules of statutory construction, courts begin with the premise that legislation is the solemn expression of legislative will and, therefore, the interpretation of a law involves, primarily, the search for the legislature’s intent. LSA-C.C. art. 1; Anthony Crane Rental, 03-0115 at p. 4, 859 So.2d at 634. Our supreme court recently explained:
When a law is clear and unambiguous and its application does not lead to absurd consequences, the law shall be applied as written and no further interpretation may be made in search of the intent of the Legislature. La. Civ.Code art. 9 (2004). When the language of the law is susceptible of different meanings, it must be interpreted as having the *979 meaning that best conforms to the purpose of the law, and the words of law must be given their generally prevailing meaning. La. Civ.Code arts. 10 and 11 (2004). When the words of a law are ambiguous, their meaning must be sought by examining the context in which they occur and the text of the law as a whole, and laws on the same subject matter must be interpreted in reference to each other. La.Rev.Stat. § 1:3 (2004); La. Civ.Code. arts. 12 and 13. (Case citations omitted.)
Pumphrey v. City of New Orleans, 05-979, pp. 10-11 (La.4/4/06), 925 So.2d 1202, 1209-10.
Thus, the starting point with any statute is the language of the statute itself. Louisiana Revised Statute 47:302 B(l)[3] provides:
B. There is hereby levied a tax upon the lease or rental within this state of each item or article of tangible personal property, as defined herein; the levy of said tax to be as follows:
(1) At the rate of two per centum (2%) of the gross proceeds derived from the lease or rental of tangible personal 17property, as defined herein, where the lease or rental of such property is an established business, or part of an established business, or the same is incidental or germane to the said business.[4] (Emphasis added.)
Enterprise argues that CDW payments clearly are not part of the “gross proceeds derived from the lease or rental of tangible personal property.” Enterprise alleges that the sale of CDW is a purely optional purchase, separately stated on the face of the rental contract, and thus is a separate purchase and not an integral part of the motor vehicle rental transaction. Thus, Enterprise contends, the sale of CDW is not the sale of tangible personal property, but rather the sale of an incorporeal right, which is not subject to taxation.
Livingston Parish asserts, however, that pursuant to the statute, the legislature clearly intended that all lease and rental receipts be taxed, including CDW receipts, which are an integral part of an indivisible contract that has as its real object the temporary possession of a motor vehicle. Livingston Parish further argues that Enterprise cannot separate the CDW from the principal automobile lease contract, because without the rental of the vehicle there can be no CDW.
Courts have looked at the “essence of’ or the “real object” of the transaction in determining whether a transaction is taxable under the Louisiana sales and use tax statutes.[5] In McNamara v. Electrode Corp., 418 So.2d 652, 662 (La.App. 1 Cir.), writ denied, 420 So.2d 986 (La.1982), Electrode leased technical equipment (dimen *980 sionally stable anodes) |Rin Louisiana. Electrode argued that the accompanying sale of the technology was divisible and therefore non-taxable. This court determined that the sale of technology without the tangible personal property (the anodes) was worthless and therefore the intangible item (the technology) was merely incidental to the tangible, item and subject to taxation. The court recognized that the true object of the lease contracts, despite their labeling as separate leases, was the lease of the anodes. The court stated:
The legislature, in enacting a Louisiana sales/use and lease/rental tax has authorized the taxing of intangible rights closely connected to items of tangible personal property. Otherwise, every contract would have to be closely scrutinized to determine what proportion of the money involved should be allocated to tangible personal property and what portion should be allocated to intangible rights.
Electrode, 418 So.2d at 662. See also International Paper Co. v. East Feliciana Parish School Board, 02-0648, p. 6 (La.App. 1 Cir. 3/28/03), 860 So.2d 717, 721, writ denied, 03-1190 (La.6/20/03), 847 So.2d 1235.
Similarly, in this matter, the real object of the transaction is the lease of tangible personal property, a motor vehicle. Clearly, the CDW can only be made available with the lease or rental of a motor vehicle. Enterprise cannot separate the CDW from the principal lease as the CDW does not exist without the automobile lease. Nor can CDW be purchased from another lessor. CDW payments are merely incidental to the lease of the tangible property.
Nevertheless, Enterprises cites the cases of McNamara v. Patterson Services, Inc., 382 So.2d 971 (La.App. 1 Cir.1980), and Pontchartrain Materials Corp. v. Plaquemines Parish Gov’t, 03-1444 (La. App. 4 Cir. 3/31/04), 871 So.2d 1171, units denied, 04-1093 (La.9/3/04), 882 So.2d 606 and 04-1152 (La.9/3/04), 882 So.2d 607, in support of its argument that CDW is not an integral part of the lease contract and therefore not taxable. [ 9However, we find these cases distinguishable from the present matter. In Patterson, the defendant arranged with a third party for the transportation of leased drilling equipment, a service for which it was not compensated. This court determined that the transportation charges were not “gross proceeds” derived from the rental of the equipment and therefore were not part of the rental charge and not taxable. Similarly, in Pontchartrain, the Fourth Circuit determined that a separately-stated freight charge by the vendor for the transportation of aggregate material was not a necessary part of the sale and therefore not part of the sales tax base. However, in the case sub judice, CDW is not provided by a third party, as it was in Patterson. For those customers who opted for CDW, Enterprise charged for the CDW and retained the payments to pay for any damages caused to its vehicles. Unlike the transportation or freight charges in Patterson and Pontchartrain, in this case, the parties contracted for CDW as a part of their lease agreement.
Enterprise also makes the argument that CDW receipts are not taxable because it also offers other optional products, which are not subject to sales and use taxes. In addition to CDW, Enterprise offers personal accident insurance/personal effects coverage (PAI/PEC) and supplemental liability protection (SLP) to its customers. Enterprise argues that there is no reason to treat CDW receipts any differently. While Enterprise does offer its customers two insurance products in PAI/ PEC and SLP, the charges it collects for these products are for the insurance pre *981 miums for coverage provided through a third party insurance company. Thus, we find Enterprise’s argument to be without merit.
We note that in its reasons for judgment, the trial court recognized Louisiana’s Collision Damage Waiver Law, LSA-R.S. 22:2091.1, et seq., which was. enacted in 1989 to address “concerns about sales of collision | indamage waivers to vehicle renters who were unaware that their own personal insurance policies might provide the same coverage.” Section 22:2091.10 provides:
The rates charged for the collision damage waiver by a licensee under this Part shall be exempt from insurance taxes and insurance taxation provided that sales taxes in effect in the locale of rental contract issuance are applied, collected, and remitted to the proper tax authority.
We agree with the trial court that this language did not create a new tax, as Enterprise has suggested, but rather recognized an existing tax, i.e., the sales tax imposed on gross proceeds of rentals.
Accordingly, we conclude that the provision in LSA-R.S. 47:302 A levying a tax on the “gross proceeds derived from the lease or rental of tangible personal property” clearly and unambiguously includes CDW payments and shall be applied as written. Therefore, the trial court properly granted summary judgment in favor of Livingston Parish, which determined that CDW payments are subject to taxation, and denying Enterprise’s motion for summary judgment, in which it sought a refund of the taxes on CDW payments it paid under protest.
Enterprise next contends that the trial court erred in finding it liable for the amounts paid under protest that represent penalties. Enterprise contends that it timely filed its tax returns and timely paid the taxes shown as due. Enterprise argues that it was led to believe by other tax collectors in prior audits, who either did not seek to impose any sales tax on CDW payments or specifically instructed Enterprise not to collect any sales tax on sales of CDW, that taxes on CDW sales were not owed. On the other hand, Livingston Parish contends that the ordinances impose mandatory penalties on delinquent taxpayers regardless of good faith. The trial court stated that h/‘the penalty provisions do not hinge on any finding of good faith.” We agree.
Louisiana Revised Statute 47:1602 A and the comparable Livingston Parish ordinances provide for the mandatory imposition of penalties. Louisiana Revised Statute 47:1602 A provides, in pertinent part:
When any taxpayer fails to make and file any return required to be made under the provisions of this Subtitle before the time that the return becomes delinquent or when any taxpayer fails to timely remit to the secretary of the Department of Revenue the total amount of tax that is due on a return which he has filed, there shall be imposed, in addition to any other penalties provided, a specific penalty to be added to the tax. (Emphasis added.)
Additionally, the taxing ordinances uniformly provide for mandatory penalties.[6]
*982 Finding no ambiguity in the language of the taxing statute and its construction as applied to Enterprise, we find no exception to the penalty provisions for good faith error. While we recognize a narrow jurisprudential exception to the assessment of penalties based on a taxpayer’s good faith, |12this exception has only been applied in limited circumstances.[7] Further, we do not find said exception to be applicable herein. Therefore, we find no error in the trial court’s decision finding Enterprise liable for penalties. As stated in Turner Corp. v. Parish School Bd. of Parish of St. Charles, 97-676, p. 5 (La.App. 5 Cir. 12/10/97), 704 So.2d 848, 850, unit denied, 98-0086 (La.3/13/98), 713 So.2d 470:
When the taxpayer fails to pay the taxes due, penalties and costs of a necessary audit may be assessed by the tax collector against the taxpayer. Whether good faith error or not, in failing to pay the taxes due, the tax collector was required to expend time and money in auditing the taxpayer and discovering the shortage. As provided by law, the defaulting taxpayer, whether in good faith or not, must bear the burden of those expenses.
Accordingly, we also find no error in the trial court’s granting of Livingston Parish’s motion to strike Paragraphs 18 through 21 of Enterprise’s petition regarding its defense of good faith.
In its answer to the appeal, Livingston Parish complains of the trial court’s failure to award it attorney fees for the collection of the taxes on CDW receipts. The trial court, in its supplemental reasons for judgment, stated:
This Court determines that the combination of the res nova issue and presumed good faith on the part of [Enterprise] are factors which should be considered in a determination as to reasonable attorney’s fees in this case. Since [Livingston Parish] basically breaks new ground with this attempted collection, the Court determines that it is not reasonable to | ^impose any attorney’s fees in the case, even though it has ruled in favor of [Livingston Parish] on the issue presented,
LSA-R.S. 47:1512 provides:
*983 The collector is authorized to employ private counsel to assist in the collection of any taxes, penalties' or interest due under this Sub-title, or to represent him in any proceeding under- this Sub-title. If any taxes, penalties or interest due under this title are referred to an attorney at law for collection, an additional charge for attorney fees, in the amount of ten per centum (10%) of the taxes, penalties and interest due, shall be paid by the tax debtor. (Emphasis added).
The local ordinances at issue herein also use the mandatory language “shall” and generally mirror the state statute.[8] Enterprise’s delinquent payment under protest of the taxes due is insufficient to avoid liability for attorney fees. Thus, the trial court erred in failing to award Livingston Parish attorney fees. Given the clear language of the statute, we are constrained to reverse that portion of the trial court’s judgment.
Nevertheless, attorney fees - are subject to a judicial review for reasonableness of the fee. City of Baton Rouge v. Stauffer Chemical Co., 500 So.2d 397, 401 (La.1987). In this matter, on the same day that the trial court submitted its supplemental reasons for judgment regarding attorney fees, the parties had stipulated that “in the event the Court would award ten (10%) of $25,212.01 as attorney fees to [Livingston Parish], neither Enterprise nor [Livingston Parish] shall contend in this court, or in an appellate court, that such fee is unreasonable for legal services rendered in the district court.” Accordingly, we award to Livingston Parish $2,521.20, which is ten percent of the $25,212.01 amount, as attorney fees.
Lastly, Livingston Parish requests additional attorney fees for the appeal of this matter. Because the stipulation included legal work at only 1 uthe trial court level, we find that an increase in the award of attorney fees to Livingston Parish by an amount of $1,000 is appropriate for this appeal.
CONCLUSION
For the above and foregoing reasons, we affirm the judgment of the trial court granting Livingston Parish’s motion for summary judgment and denying Enterprise’s _ motion for summary judgment. The granting of Livingston Parish’s motion to strike is also affirmed. We reverse that portion of the trial court’s judgment denying Livingston Parish attorney fees and award it $2,521.20 for attorney fees at the trial court level. We also award attorney fees to Livingston Parish in the amount of $1,000 for this appeal. All costs of this appeal are assessed against Enterprise.
AFFIRMED IN PART; REVERSED IN PART; AND AMENDED.

. Louisiana Revised Statute 22:2091.3 A defines "collision damage waiver” as "any contract or contractual provision, whether separate from or a part of a motor vehicle rental agreement, whereby the lessor agrees for a charge, to waive any and all claims against the lessee for any damages to the rental motor vehicle during the term of the rental agreement.”

. A panel of this court stated:
The purported judgment which is included in the record grants the defendant’s motion for summary judgment, denies the plaintiff's motion for summary judgment, and denies defendant’s request for attorneys’ fees but does not set forth the relief granted, i.e., that all of the gross proceeds derived by plaintiff from its customers within Livingston Parish are subject to lease and rental taxes and for judgment in favor of plaintiff and against defendant for $25,212.01.

. Other pertinent sales and use tax statutes, made applicable to local tax collectors through LSA-R.S. 33:2841, include LSA-R.S. 47:321 and 47:331. At the local level, applicable ordinances include Section 2.1 of Ordinance No. 97-15 of the Livingston Parish Council, Section 2.02 of the City of Denham Springs ordinances, Section 2.01 of the Livingston Parish School Board ordinances, and Section 2.01 of the Livingston Parish Law Enforcement District ordinances.

. “Tangible personal property’’ is defined in LSA-R.S. 47:301(16)(a), and “means and includes personal property which may be seen, weighed, measured, felt or touched, or is in any other manner perceptible to the senses.” Section 1.1 of the Livingston Parish ordinance adopts the definitions found in LSA-R.S. 47:301. See also Section 1.19 of the City of Denham Springs, the Livingston Parish School Board, and the Livingston Parish Law Enforcement District ordinances.

.We note that the cases cited hereafter do not involve the same taxing statute, but assist us in resolving this res nova issue.

. Section 9.3 of the Livingston Parish ordinance provides:
If the amount of tax due by the dealer is not paid on or before the twentieth (20th) day of the month next following the month for which the tax are due, there shall be collected, with said tax, interest upon said unpaid amount, at a uniform rate of interest per annum set by the Collector for all sales and use tax being levied and collected within the Authority, or fractional part thereof, said interest to be computed from *982 the first day of the month next following the month for which the tax are due until it is paid; and in addition to the interest that may be so due there shall also be collected a penalty equivalent to five percent (5%) for each thirty (30) days, or fraction thereof, of delinquency, not to exceed twenty-five percent (25%) in aggregate, of the tax due, when such tax are not paid within thirty (30) days of the date the tax first become due and payable, and in the event of suit, attorneys’ fees at the rate of ten percent(10%) of the aggregate of tax, interest and penalty. (Emphasis added.)
See also Section 9.04 of the City of Denham Springs, the Livingston Parish School Board, and the Livingston Parish Law Enforcement District ordinances.

. See BP Oil Company v. Plaquemines Parish Government, 93-1109 (La.9/6/94), 651 So.2d 1322 (An award of penalties on summary judgment was reversed because there was a genuine issue of material fact as to the taxpayer’s good faith and the taxpayer was entitled to a trial on the issue); St. Pierre's Fabrication and Welding, Inc. v. McNamara, 495 So.2d 1295 (La.1986) (The supreme court recognized the equitable situation warranting the taxpayer relief from penalties, but not the taxes or interest due, where the state, through the department of revenue and taxation, specifically informed the taxpayer that it was not liable for the state sales tax in question.); and J. Ray McDermott, Inc. v. Morrison, 96-2337 (La.App. 1 Cir. 11/7/97), 705 So.2d 195, writs denied. 97-3055, 97-3062 (La.2/13/98), 709 So.2d 753, 754 (The First Circuit affirmed the trial court’s decision that a taxpayer was not liable for penalties where the taxpayer in good faith paid the sales and use taxes due, but incorrectly paid the taxes to Texas rather than to Louisiana.).

. See Section 9.04 of the School Board, City of Denham Springs, and Law Enforcement District ordinances and Section 9.3 of the Parish Council ordinance.