# STATE OF LOUISIANA

## COURT OF APPEAL

## FIRST CIRCUIT

## 2018 CA 1640

## SMITH INTERNATIONAL, INC.

## VERSUS

## KIMBERLY ROBINSON, SECRETARY, LOUISIANA DEPARTMENT OF REVENUE

**Judgment Rendered:** JAN 0 9 2020

\* \* \* \* \* \*

On Appeal from the Louisiana Board of Tax Appeals
State of Louisiana
Docket No. 10498

Board of Tax Appeals Members Presiding:
Judge Anthony J. "Tony" Graphia (ret.), Chairman;
Cade R. Cole, Vice-Chairman; and Frances "Jay" Lobrano

\* \* \* \* \* \*

Miranda Y. Scroggins
Antonio Ferachi
Debra Morris
Brian DeJean
Baton Rouge, Louisiana

Counsel for Defendant/Appellant
Kimberly Robinson, Secretary,
Louisiana Department of Revenue


Robert S. Angelico
Cheryl M. Kornick
Jeffrey P. Birdsong
New Orleans, Louisiana

Counsel for Plaintiff/Appellee
Smith International, Inc.

\* \* \* \* \* \*

BEFORE: WHIPPLE, C.J., McCLENDON, HIGGINBOTHAM, CRAIN[1], AND LANIER JJ.

---

[1] Justice Will Crain is serving as judge *ad hoc* by special appointment of the Louisiana Supreme Court.

Whipple, CJ concurs in reasons assigned.

Crain J. dissents for reasons assigned.

**McCLENDON, J.**

The defendant, the Louisiana Department of Revenue, through its Secretary, Kimberly Robinson (the Department), appeals a judgment of the Louisiana Board of Tax Appeals (the Board) that denied its exception of lack of subject matter jurisdiction and determined that no penalties were due from the taxpayer plaintiff, Smith International, Inc. (Smith International). For the reasons that follow, we affirm.

## FACTS AND PROCEDURAL HISTORY

Smith International is engaged in the oil and gas equipment and services business in the State of Louisiana. Smith International timely filed its Louisiana corporate income and franchise tax returns for the 2008 through 2010 tax periods. Payment was submitted with the returns. Subsequently, the Department conducted an audit and determined that additional income and franchise taxes were due. Smith International received a Notice of Assessment, dated December 22, 2016, assessing additional corporate income and franchise tax for the tax period of January 1, 2008, through December 31, 2010. The Department also assessed interest and penalties.[2] Smith International submitted payment for the additional income and franchise tax, as well as the interest, as shown on the assessment. However, Smith International did not submit payment for the penalties.

Thereafter, Smith International filed a timely appeal with the Board, disputing the penalty portion of the assessment. In response, the Department filed an exception raising the objection of lack of subject matter jurisdiction, which was referred to a hearing on the merits.

Following the hearing, the Board signed a judgment on April 10, 2018, denying the Department's exception of lack of subject matter jurisdiction. The Board's judgment also found that Smith International was not liable for the penalties assessed by the Department. The Department appealed the Board's judgment to this

---

[2] The Department assessed penalties in the amount of $93,873.45 for the corporate franchise tax and $178,346.85 for the corporate income tax.

2

court,[3] and assigns the following as error:

1. The Board erred by denying the lack of subject matter jurisdiction exception filed by the Department; and

2. The Board erred by failing to hold Smith International liable for the late payment penalty assessed under LSA-R.S. 47:1602.

## STANDARD OF REVIEW

The legislature created the Board to act as an appeal board to hear and decide disputes between a taxpayer and the State. See LSA-R.S. 47:1401.[4] The Board acts as a trial court in finding facts and applying the law. **St. Martin v. State**, 09-0935 (La. 12/1/09), 25 So.3d 736, 740. Judicial review of a decision of the Board must be rendered upon the record before the Board and is limited to facts on the record and questions of law. See **Barfield v. Bolotte**, 15-0847 (La.App. 1 Cir. 12/23/15), 185 So.3d 781, 785, writ denied, 16-0307 (La. 5/13/16), 191 So.3d 1058.

The Board's findings of fact should be accepted where there is substantial evidence in the record to support them and should not be set aside unless they are manifestly erroneous in view of the evidence in the entire record. Additionally, when the assignments of error reflect that the main issue involves a purely legal question regarding the proper interpretation of a statute, our review is *de novo* in the sense that we give no deference to the factual findings or legal conclusions of the tribunals below. We are free to make our own determinations of the correct legal meaning of the appropriate statutes and render judgment on the record. **Barfield**, 185 So.3d at 785.

---

[3] Louisiana Revised Statutes 47:1434 and 47:1435 previously provided that judicial review of decisions of the Board was vested with the district court. However, pursuant to 2014 La. Acts, No. 198, § 1, eff. July 1, 2014, and subsequent amendments, jurisdiction for judicial review of decisions of the Board is now vested solely with the appellate courts. Louisiana Revised Statutes 47:1435A provides:

> The courts of appeal shall have exclusive jurisdiction to review the decisions or judgments of the board, and the judgment of any such court shall be subject to further review in accordance with the law relating to civil matters.

[4] Louisiana Revised Statutes 47:1401 currently provides:

> In order to provide a board that will act as an appeal board to hear and decide, at a minimum of expense to the taxpayer, questions of law and fact arising from disputes or controversies between a taxpayer and any collector of the State of Louisiana in the enforcement of any tax, excise, license, permit or any other tax, fee, penalty, receipt or other law administered by a collector, and to exercise other jurisdiction as provided by law, including jurisdiction as provided for in the Uniform Local Sales Tax Code, the Board of Tax Appeals, hereinafter referred to as the "board", is created as an independent agency in the Department of State Civil Service, and for the purposes of this Chapter. The Local Tax Division is created as an independent agency and authority within the board for the purposes of exercising jurisdiction over disputes involving local collectors.

3

If the Board has correctly applied the law and adhered to correct procedural standards, its judgment should be affirmed absent a clearly erroneous finding of fact. **St. Martin**, 25 So.3d at 740.

## STATUTORY INTERPRETATION

In interpreting statutes, we begin with the well-settled premise that taxing statutes must be strictly construed against the taxing authority, and where a tax statute is susceptible of more than one reasonable interpretation, the construction favorable to the taxpayer is adopted. **Cleco Evangeline, LLC v. Louisiana Tax Com'n**, 01-0561 (La.App. 1 Cir. 6/22/01), 808 So.2d 740, 744, aff'd, 01-2162 (La. 4/3/02), 813 So.2d 351.

When a law is clear and unambiguous and its application does not lead to absurd consequences, the law shall be applied as written and no further interpretation may be made in search of the intent of the legislature. LSA-C.C. art. 9. This principle applies to tax statutes. **Cleco Evangeline**, 808 So.2d at 744. It is a recognized rule of statutory construction that the court must give the words of a law their generally prevailing meaning (except that words which are words of art or technical terms must be given their technical meaning). LSA-C.C. art. 11. Further, when the words of a law are ambiguous, their meaning must be sought by examining the context in which they occur and the text of the law as a whole. LSA-C.C. art. 12. When the language is susceptible of different meanings, it must be interpreted as having the meaning that best conforms to the purpose of the law. LSA-C.C. art. 10.

It is presumed that every word, sentence, or provision in the law was intended to serve some useful purpose; that some effect is to be given to each such provision; and that no unnecessary words or provisions were used. The meaning of a statute is to be interpreted by looking to all the sections taken together so that no section, clause, sentence or word becomes superfluous or meaningless. **Cleco Evangeline**, 808 So.2d at 744.

Finally, if a statute is not clear on its face, the meaning must be determined. Statutory interpretation is the province of the judiciary. The paramount consideration in

interpreting a statute is ascertaining the legislature's intent and the reasons that prompted the legislature to enact the law. **Cleco Evangeline**, 808 So.2d at 744.

## DISCUSSION

In the instant matter, the Department first contends that the Board lacked jurisdiction over the penalty issue. It asserts that the Board's jurisdiction for penalties is limited to the waiver of penalties. The Department also argues that the Board lacked jurisdiction to "redetermine" the assessment of penalties where the taxpayer agreed with the tax and interest found to be due following an audit. Secondly, the Department argues that the penalties were lawfully imposed and are due, as Smith International did not follow the taxing laws when filing its returns and remitting payments. In opposition, Smith International maintains that the Board correctly found that the imposition of the penalties in the Notice of Assessment was contrary to law because the penalty provisions are not applicable.

Subject Matter Jurisdiction

Louisiana Revised Statutes 47:1407 provides, in pertinent part:

The jurisdiction of the board shall extend to the following:

(1) All matters relating to appeals for the redetermination of assessments, or for the determination of overpayments, or payment under protest petitions, as provided in R.S. 47:1431 through 1438.

(2) All matters relating to the waiver of penalties, as provided in R.S. 47:1451.

The Department first argues that, while the legislature has granted jurisdiction to the Board as to all matters relating to an appeal for the redetermination of assessments, with regard to penalties, the legislature specifically limited the Board's jurisdiction relating to the waiver of penalties as set out by LSA-R.S. 47:1451.[5] While Smith International concedes that the Board has no subject matter jurisdiction over the Department's determinations regarding the waiver of a properly applied penalty, it

---

[5] During the taxable years in question, LSA-R.S. 47:1451 provided:

Whenever the collector determines to waive or remit the whole or any part of the penalty provided for failure to file any return at the time it became due, the collector's determination thereon, together with the taxpayer's affidavit stating the cause of his delay in filing, shall be submitted to the board for review. If the board finds that the penalty may properly be waived or remitted pursuant to R.S. 47:1566, it shall approve the action of the collector. Otherwise the board shall reject the proposal to waive or remit, and it shall then be mandatory upon the collector to assess and collect the penalty.

5

argues that this matter does not involve a penalty waiver. Rather, Smith International maintains that the statutory penalties were improperly imposed in this matter and do not apply at all. Therefore, it contends, the Board has jurisdiction over claims to correct an assessment because the Department incorrectly applied the law.

In its reasons for judgment, the Board concluded:

> The [Department] filed an Exception of Lack of Subject Matter Jurisdiction which was referred to the merits. The basis of the [Department's] Exception is that the Board does not have jurisdiction to waive the penalties assessed. However, [Smith International] is not requesting a waiver of penalties. Rather, [Smith International's] petition alleges that the assessed penalties are not due. R.S. 47:1407(1) gives the Board jurisdiction over all matters relating to appeals for the redetermination of assessments. The relief prayed for is therefore properly pled and within the [B]oard's jurisdiction. Accordingly, the [Department's] Exception of Lack of Subject Matter Jurisdiction will be overruled.

Upon our review of the record before us, we find that this matter involves the redetermination of an assessment under LSA-R.S. 47:1407(1). Smith International did not seek a waiver of penalties, praying in its petition that the Board "determine that the assessment of Louisiana franchise and corporate income tax penalties is erroneous and illegal." Therefore, we agree with the Board that it had jurisdiction to hear the appeal of the assessment of penalties. See **Consolidated Companies, Inc. v. State Dept. of Revenue and Taxation**, 572 So.2d 169, 170 (La.App. 1 Cir. 1990), writ denied, 573 So.2d 1114 (La. 1991) ("The Board is authorized to act on a taxpayer's appeal for a redetermination of an assessment. This includes the assessment of either a tax or penalty."); **Hayden M. Reilly, Petitioner v. Kimberly L. Robinson Secretary, Department of Revenue, State of Louisiana, Respondent**, La.Bd.Tax.App., Docket No. 9712B (9/13/16), 2016 WL 8853739 ("The Taxpayer's petition does not request a waiver of penalties. The petition prays that the assessment is erroneous and should be vacated and set aside. La. R.S. 47:1407(1) gives the Board jurisdiction over all matters relating to appeals for the redetermination of assessments. The relief prayed for is properly pled and within the [B]oard's jurisdiction."); **Lanasa Family Trust, Petitioner v. Tim Barfield, Secretary, Department of Revenue, State of Louisiana, Respondent**, La.Bd.Tax.App., Docket No. 9327C (5/12/16), 2016 WL 8540978 ("The Board is not considering whether to waive the penalties and interest

6

because it has no jurisdiction to do so. The inquiry is whether the interest and penalties were owed."). We now turn to the merits.

The Penalties

The Department originally assessed three separate penalties to Smith International.[6] However, the late payment penalty is the only penalty at issue in this appeal.

Louisiana Revised Statutes 47:1602, entitled "Penalty for failure to make a timely return," provided during the tax years at issue, in pertinent part:

A. When any taxpayer fails to make and file any return required to be made under the provisions of this Subtitle before the time that the return becomes delinquent or when any taxpayer fails to timely remit to the secretary of the Department of Revenue **the total amount of tax that is due on a return which he has filed**, there shall be imposed, in addition to any other penalties provided, a specific penalty to be added to the tax.

(1) In the case of a failure to file a tax return or of the filing of a return after the return becomes delinquent, the specific penalty shall be five percent of the total tax due on the return if the failure or delinquency is for not more than thirty days, with an additional five percent for each additional thirty days or fraction thereof during which the failure or delinquency continues, not to exceed twenty-five percent of the tax in the aggregate.

(2)(a) ... [I]n the case of the filing of a return without remittance of the full amount due, the specific penalty shall be five percent of the unremitted tax if the failure to remit continues for not more than thirty days, with an additional five percent for each additional thirty days or fraction during which the failure to remit continues. The penalty imposed by this Paragraph for each thirty-day period shall be calculated only on the additional amount due from the taxpayer after the deduction of payments timely submitted, or submitted during any preceding thirty-day period when:

(i) At least ninety percent of the total tax due on the return is not previously paid on or before the due date of the return.

---

[6] The Department had assessed a penalty pursuant to LSA-R.S. 47:1604.1C, which currently provides for a penalty to a taxpayer for understating tax liability by twenty-five percent or more. Prior to the hearing on the merits, the parties entered into several joint stipulations, including one where the Department chose not to pursue this penalty:

The Department has determined that it will remove, and will not pursue the penalty set forth in [LSA-R.S. 47:]1604.1(C) in the Notice of Assessment for the Tax Periods at issue in this matter.

The Department had also assessed Smith International a negligence penalty pursuant to LSA-R.S. 47:1604.1A. Before its amendment in 2015, LSA-R.S. 47:1604.1 required a showing of willful negligence or intentional disregard of rules and regulations. The Board found no showing that Smith International met the requirements of LSA-R.S. 47:1604.1 as it existed during the tax periods at issue herein. Given that the Department did not assign as error, or brief on appeal, the Board's failure to hold Smith International liable for the negligence penalty, this issue is not before us on appeal. See Rule 2-12.4, Uniform Rules of Louisiana Courts of Appeal.

(ii) The return and payments are not received within the time prescribed determined with regard to any extension of time.

(b) The penalty provided by this Paragraph shall not be imposed for any thirty-day period for which the penalty provided by Paragraph (1) is due.

(c) The penalties provided for by Paragraph (1) of this Subsection and this Paragraph shall not be imposed for more than five thirty-day periods in total for each tax return required to be filed.

(Emphasis added.)

Louisiana Revised Statutes 47:1602 is found in Chapter 18, Administrative Provisions, of Subtitle II of Title 47 on Revenue and Taxation. Part IV of Chapter 18 provides for Interest and Penalties. Among the penalties authorized, Part IV provides for a penalty for failure to make a timely return, LSA-R.S. 47:1602; a penalty for false or fraudulent return, LSA-R.S. 47:1604;[7] a negligence penalty, LSA-R.S. 47:1604.1;[8] an

---

[7] Louisiana Revised Statutes 47:1604 provides for a mandatory penalty for a false or fraudulent return:

> When the taxpayer files a return that is false or fraudulent or grossly incorrect and the circumstances indicate that the taxpayer had intent to defraud the State of Louisiana of any tax due under this Sub-title, there shall be imposed, in addition to any other penalties provided, a specific penalty of fifty per centum (50%) of the tax found to be due. This specific penalty shall be an obligation to be collected and accounted for in the same manner as if it were a part of the tax due, and can be enforced either in a separate action or in the same action for the collection of the tax.

[8] Louisiana Revised Statutes 47:1604.1 provided a mandatory penalty during the tax years in question:

> If any taxpayer fails to make any return required by this Sub-title or makes an incorrect return, and the circumstances indicate wilful negligence or intentional disregard of rules and regulations, but no intent to defraud, there shall be imposed, in addition to any other penalties provided, a specific penalty of 5% of the tax or deficiency found to be due, or ten dollars, whichever is the greater. This specific penalty shall be an obligation to be collected and accounted for in the same manner as if it were a part of the tax due, and can be enforced either in a separate action or in the same action for the collection of the tax.

Louisiana Revised Statutes 47:1604.1 was amended by Acts 2015, No. 128, § 1, eff. July 1, 2015, and now provides for a discretionary penalty:

> **A. Finding of negligence.** For negligent failure to comply with any provisions of this Part or any rules and regulations of the department, when the secretary finds that a taxpayer did not have willful intent to defraud the state, the secretary may assess a penalty equal to ten percent of the tax deficiency found to be due as a result of the taxpayer's negligence.
>
> **B. Large individual income tax deficiency.** In the case of individual income tax, if a taxpayer understates tax table income, by any means, by an amount equal to twenty-five percent or more of adjusted gross income or has otherwise demonstrated a willful intent to disregard the tax laws of this state, the secretary may assess a penalty equal to twenty percent of the deficiency. However, in the case of individual income tax, if a taxpayer understates tax table income by an amount equal to twenty-five percent or more of adjusted gross income but the secretary finds that the taxpayer did not have willful intent to disregard the tax laws of this state, the secretary may assess a penalty of fifteen percent of the deficiency.
>
> **C. Other large tax deficiency.** In the case of a tax other than individual income tax, if a taxpayer understates tax liability by twenty-five percent or more, or has otherwise demonstrated a willful intent to disregard the tax laws of this state, the secretary may

8

insufficient funds check or electronic debit in payment of taxes penalty, LSA-R.S. 47:1604.2; and an examination and hearing costs penalty, LSA-R.S. 47:1605.

In its appeal, the Department argues that LSA-R.S. 47:1602A requires the imposition of the late payment penalty when the taxpayer fails to timely remit the total tax amount found to be due. The Department contends that Smith International did not submit the correct amount of tax due at the time it was due, as the Department later determined that additional taxes were owed. However, Smith International maintains that it did timely remit to the Department the total amount of tax that was due as reflected on the return it filed as required by the statute and, as such, no late payment penalty is due. Therefore, the issue before us is the proper interpretation of LSA-R.S. 47:1602 and whether a penalty is due when a taxpayer makes a timely return and remits payment as shown on the return, but fails to timely remit payment for the amount that is ultimately determined to be due.

Looking at the penalty statutes *in pari materia* and mindful of the rules of statutory interpretation, we find that the legislature's intent in providing for the penalty found in LSA-R.S. 47:1602A was to address a taxpayer's failure to make a timely return and remit payment with said return, rather than a taxpayer's failure to make a correct return.[9] By the plain language of the statute, a late payment penalty is due when 1) a taxpayer fails to make and file a return "before the time that the return becomes

---

assess a penalty equal to twenty percent of the deficiency. However, in the case of a tax other than individual income tax, if a taxpayer understates tax liability by twenty-five percent or more, but the secretary finds that the taxpayer did not have willful intent to disregard the tax laws of this state, the secretary may assess a penalty of fifteen percent of the deficiency.

**D.** For purposes of this Section, the following terms shall have the following meanings unless the context clearly indicates otherwise:
(1) "Adjusted gross income" means gross income as defined in Section 62 of the Internal Revenue Code.
(2) "Willful" means voluntarily and intentionally acting in violation of the tax laws of this state. The secretary shall use this definition of "willful" when determining whether a penalty shall be imposed for the willful intent to defraud this state or willful intent to disregard the tax laws of this state.

[9] As previously noted, the title of LSA-R.S. 47:1602 is "Penalty for failure to make a timely return." While we recognize that the title of a statute is not dispositive of its content, it is indicative of legislative intent. See **Anderson v. Ochsner Health System**, 13-2970 (La. 7/1/14), 172 So.3d 579, 581 ("When doubt exists as to the proper interpretation of a statute, the title or preamble may be used to determine legislative intent.").

delinquent," or 2) the taxpayer fails to timely remit to the Department "the total amount of tax that is due on a return which he has filed."

Turning now to the facts of the matter before us, it is undisputed that Smith International timely filed its tax returns for the years 2008 through 2010. Therefore, the first basis for the imposition of a late payment penalty on the taxpayer does not apply. It is also undisputed that Smith International remitted the amount that was reflected as due on the returns that it filed.[10] In its reasons, the Board stated that "[t]he Taxpayer has complied with the requirements of Section 1602." We agree.[11] Based on our *de novo* review of the record and the clear and plain language of the statute, Smith International did not fail "to timely remit to the secretary of the Department of Revenue **the total amount of tax that is due on a return which he has filed**" (Emphasis added). If the legislature intended to mean "the correct amount" of the tax due, as argued by the Department, it could have so provided; rather, it chose to use the phrase, "the total amount of tax that is due on a return which he has filed." Under our rules of statutory construction, we find that the Department's argument fails. Accordingly, the second basis for the imposition of a late payment penalty is also inapplicable, and Smith International is not subject to a late payment penalty. Moreover, even were we to find the phrase, "the total amount of tax that is due on a return which he has filed," to be ambiguous and susceptible of more than one reasonable interpretation, the construction favorable to the taxpayer must be adopted. See **Cleco Evangeline**, 808 So.2d at 744.

---

[10] By joint stipulation, the parties agreed that Smith International timely remitted the amounts shown to be due on its tax returns.

[11] We disagree with the Department's argument that LSA-R.S 47:1602 read in conjunction with LSA-R.S. 47:1562B requires the imposition of the late payment penalty herein because Smith International did not "correctly compute" its tax liability. Louisiana Revised Statutes 47:1562B provides, in relevant part:

> If a return or report made and filed does not correctly compute the liability of the taxpayer, the secretary shall cause an audit, investigation, or examination, ... to be made to determine the tax, penalty, and interest due.

Louisiana Revised Statutes 47:1562 is found under Part III of Chapter 18, regarding Assessment and Collection Procedures. If a return made and filed does not correctly compute the liability of the taxpayer, LSA-R.S. 47:1562B requires that the Department "shall cause an audit, investigation, or examination" to be made to determine the correct tax, penalty, and interest due. It is not a determination that a tax, penalty, and interest is due. See **Bridges v. Smith**, 01-2166 (La.App. 1 Cir. 9/27/02), 832 So.2d 307, 312, writ denied, 02-2951 (La. 2/14/03), 836 So.2d 121 ("Louisiana Revised Statute 47:1562 does not provide for the actual assessment of the additional taxes; rather, it provides for the determination and notice of the intent to propose additional taxes due.").

We disagree with the fourth circuit's reasoning in **City of New Orleans' Dept. of Finance v. Touro Infirmary**, 04-0835 (La.App. 4 Cir. 4/27/05), 905 So.2d 314, 328, writ denied, 05-1251 (La. 2/17/06), 924 So.2d 997, wherein the court stated that it did not read the language in LSA-R.S. 47:1602 to mean that no penalty can be imposed once a return has been filed and the amount that is shown as being due by the taxpayer has been paid, even if the amount is not the amount actually owed.[12] The fourth circuit stated that such an interpretation "would lead to absurd consequences. For example, a taxpayer could file a return, understate the amount of tax owed, pay the understated amount of tax, and avoid a penalty for the underpayment of taxes." The fourth circuit continued:

> We read the phrase "the total amount of tax that is due on a return which he [the taxpayer] has filed" in La. R.S. 47:1602 to mean the total amount of tax that is owed by the taxpayer for the period that is supposed to be covered by the tax return. The amount that is shown on the return to be due may or may not be the amount actually owed by the taxpayer.

**City of New Orleans' Dept. of Finance**, 905 So.2d at 328. We recognize that the legislature has specifically provided for other penalties in Part IV, including circumstances where the taxpayer makes an incorrect return, but there is no intent to defraud, or where the taxpayer makes a false or fraudulent return. Given that penal statutes are to be strictly construed, we decline to follow the fourth circuit and go beyond the clear wording of LSA-R.S. 47:1602.

We acknowledge that in **Enterprise Leasing Co. of New Orleans v. Curtis**, 07-0354 (La.App. 1 Cir. 11/2/07), 977 So.2d 975, 981-82, writ denied, 07-2320 (La. 2/1/08), 976 So.2d 719, this court affirmed the trial court's decision finding the taxpayer liable for penalties under LSA-R.S. 47:1602. In that case, following an audit, the taxpayer was assessed sales taxes, interest, and penalties, which were paid under protest. The taxpayer argued that it timely filed its tax returns and timely paid the taxes shown as due. The taxpayer contended that it had a good faith belief that a sales tax for collision damage waivers was not due and did not remit the tax that was

---

[12] See also **Rent-A-Center East, Inc. v. Lincoln Parish Sales & Use Tax Com'n**, 46,054 (La.App. 2 Cir. 3/9/11), 60 So.3d 95, 99-100, writ denied, 11-0713 (La. 5/20/11), 63 So.3d 985, wherein the second circuit found that LSA-R.S. 47:1602A provides that a penalty "shall be imposed" when a taxpayer fails to timely remit taxes owed.

11

subsequently found to be due. Therefore, the taxpayer asserted that because of its good faith, the trial court erred in finding it liable for the penalty amounts paid under protest. The trial court determined that the penalty provisions of LSA-R.S. 47:1602 did not hinge on any finding of good faith. This court affirmed, finding no ambiguity in the language of the taxing statute and finding no exception to the penalty provisions for good faith error.[13] However, we note that in **Enterprise** the issue before the court was whether the taxpayer was acting in good faith, and the specific argument Smith International has raised in this matter was not made. Therefore, we find **Enterprise** to be distinguishable.

## CONCLUSION

The April 10, 2018 judgment of the Board of Tax Appeals in favor of the plaintiff, Smith International, Inc., is affirmed. Costs of this appeal in the amount of $188.00 are assessed against the defendant, the Louisiana Department of Revenue, through its Secretary, Kimberly Robinson.

**AFFIRMED.**

---

[13] While the court in the **Enterprise** decision recognized a narrow jurisprudential exception to the assessment of penalties based on a taxpayer's good faith, the exception has only been applied in limited circumstances. **Enterprise**, 977 So.2d at 982; see also **Bridges, Secretary of Dept. of Revenue, State v. Geoffrey, Inc.**, 07-1063 (La.App. 1 Cir. 2/8/08), 984 So.2d 115, 128-29, writ denied, 08-0547 (La. 4/25/08), 978 So.2d 370.

12

| SMITH INTERNATIONAL, INC. | STATE OF LOUISIANA |
|---|---|
| | COURT OF APPEAL |
| VERSUS | FIRST CIRCUIT |
| KIMBERLY ROBINSON, SECRETARY, LOUISIANA DEPARTMENT OF REVENUE | NUMBER 2018 CA 1640 |

**WHIPPLE, C.J., concurring.**

Absent clarification of the statutory scheme by the legislature, I concur in the ultimate result reached by the majority, namely, to affirm the decision of the Board. Nonetheless, I write separately to note that as written, a taxpayer could significantly "under file" and "under pay" and never incur penalties for doing so as long as the amount paid "matched" the erroneous or incorrect return filed. In my view, this is an absurd result, but is warranted until the legislature addresses this issue and clarifies the law.

| SMITH INTERNATIONAL, INC. | STATE OF LOUISIANA |
|---|---|
| VERSUS | COURT OF APPEAL |
| KIMBERLY ROBINSON, SECRETARY, LOUISIANA DEPARTMENT OF REVENUE | FIRST CIRCUIT |
| | NO. 2018 CA 1640 |

**CRAIN, J., dissenting.**

Without commenting on the merits, I believe the majority's decision conflicts with this court's decision in *Enterprise Leasing Co.*, in violation of this court's rule requiring that we follow precedent or consider the matter *en banc*.