935 So.2d 836 (2006)
Kenneth Glenn AUSTIN and Patty L. Austin, Plaintiffs-Appellees,
v.
Claude BUNDRICK and Colony Insurance Company, Defendants-Appellants.
No. 41,064-CA.
Court of Appeal of Louisiana, Second Circuit.
June 30, 2006.
Mayer, Smith & Roberts, L.L.P. by Steven E. Soileau, Shreveport, for Appellants.
H. Lynwood Lawrence, Jr., for Appellees.
Before WILLIAMS, GASKINS and DREW, JJ.
*837 DREW, J.
It was a dark and stormy night (actually, a dark and rainy pre-dawn) on January 25, 2004, when a truck driven by Kenneth G. Austin collided with a cow owned by Claude Bundrick. Austin was traveling north when he struck Bundrick's cow in his lane of travel on La. Highway 1 at the intersection with La. Hwy. 509. Bundrick and his insurer, Colony Insurance Company, have appealed the partial summary judgment finding Bundrick liable for the damages resulting from the accident. The partial summary judgment is reversed, and the matter is remanded for further proceedings.

FACTUAL AND PROCEDURAL BACKGROUND
Austin and his wife alleged in their petition:
 Austin was driving in a lawful manner north on Highway 1 in Red River Parish.

*838  As he approached the intersection with Highway 509, his vehicle struck a cow which stepped suddenly and without warning into the roadway.
 Bundrick, owner of the cow, had the burden of proof to exculpate himself from negligence under La. R.S. 3:2803, which designated Highway 1 a "stock law" highway.
 Bundrick was responsible for the accident by knowingly or negligently permitting his stock to be on the road where stock was prohibited and failing to take reasonable measures to enclose his livestock or prevent its escape.
In his answer, Bundrick admitted owning the cow and denied liability. He asserted that Austin was driving under suspension, was not driving lawfully, and should not have been on the public highway.
The plaintiffs filed a motion for partial summary judgment on the issue of liability based upon the assertions that the collision was unavoidable and occurred on a stock law highway. Therefore, the stock owner must exculpate himself from negligence.
In support of the motion for partial summary judgment, the Austins attached a portion of Austin's deposition in which he stated:
 It was still dark and he had his headlights on bright. The weather was cloudy and rainy, and he was driving the posted speed of 55 mph, with the windshield wipers on.
 As he got to the caution light at the intersection, the cow was a foot or two in front of his vehicle, which struck the animal.
 The cow was broadside in the road with its face turned toward the southbound lane and pointed toward the driver's side of his truck.
 Austin recalled the cow being black with a white spot. He did not see the animal move.
 The truck came to rest in the middle of the road, and Austin called a nearby friend to assist him in pulling the truck off the roadway.
 He learned the day of the accident his driver's license had been suspended due to child support arrearages.
Austin also referred to Bundrick's deposition in which Bundrick responded to questioning and said:
 His father went to the accident scene and identified the cow as belonging to Bundrick.
 The cow killed in the collision was in heat and being chased by two bulls.
 Including the cow and the two bulls, 30 of Bundrick's cattle escaped from the pasture.
 "Well, sometimes bulls will start fighting right around the gate and just  they have tremendous mass and it breaks things."
 The barbed wire was wrapped around once.
 Austin told Bundrick the weather was foggy; the highway was dark and not well lighted at the point of the collision.
In opposing the motion for partial summary judgment, Bundrick filed an affidavit stating (verbatim):
That he was the owner of a cow that Kenneth Austin claims he struck with his vehicle on Hwy. 1 on January 5, 2004 at approximately 5:00 a.m. Further, that the evening before the accident he is certain that the gate through which the cows escaped was tied shut with barbed wire, and that the gate could not be pushed open absent significant force or from a person opening the gate. Further that he did not have any knowledge *839 of any cows escaping onto a roadway from this gate before. Further his inspection of the gate indicates that the cows were enclosed behind fenced property the evening before the accident and escaped when the gate was pushed open during the middle of the night. He did not have any knowledge prior to the accident. Further that he believes he used all prudent measures to enclose his livestock and that the animal did not escape due to any fault or negligence on his part.
With a supplemental motion for summary judgment, the Austins filed the deposition of the investigating Louisiana state trooper, Phillip E. Krouse, who stated:
 The state police generally work all the auto crashes in Red River Parish.
 Notified of the accident at approximately 6:00 a.m., he arrived at the scene at 7:40 a.m.; dark at the time of the accident, day was breaking when he arrived.
 The day was cloudy and the road was wet; he did not recall rain.
 When asked, Austin stated at the scene he did not need medical attention. However, Krouse described Austin as "shook up" with shaking hands when Austin handed something to the trooper; nothing indicated Austin had been drinking.
 Austin's truck was severely damaged with the grill and radiator area crushed in three to four feet and the windshield shattered.
 The truck rested 100 feet from point of impact, and the estimated distance the cow moved was 50 feet from impact; the trooper did not know someone helped Austin pull his truck off the roadway.
 There were no skid, yaw, or gorge marks in the road; because the road was wet, there would not necessarily have been skid marks if Austin applied his brakes.
 Austin reported he was driving northbound at 55 mph when the cow stepped in front of him.
 Mr. Bundrick (defendant's father) arrived and stated the cow was his.
 Because he was not getting a signal to his car computer and because the headquarter's computer was down when he radioed, the trooper did not learn until he released everyone from the scene that Austin was driving under suspension.
 Neither Austin nor Bundrick received a citation. Red River Parish issues citations for loose stock, not the state police.
 The accident was unavoidable.
After hearing arguments and reviewing the filings, the trial court found that a single strand of barbed wire on the gate was insufficient legally to discharge the cow owner's responsibility to keep the cows off the highway. The trial court granted the partial summary judgment against Bundrick on liability.

DISCUSSION
Appellate courts review summary judgments de novo, while considering the record and all reasonable inferences drawn from the record in the light most favorable to the non-movant. La. C.C.P. art. 966(C)(1) provides that summary judgment is warranted only if there is no genuine issue of material fact and the mover is entitled to judgment as a matter of law. The court's role is not to evaluate the weight of the evidence or to determine the truth of the matter, but is to determine whether there is a genuine issue of material fact while resolving all doubts in favor of the non-moving party. A material fact is one which potentially insures or precludes *840 recovery, affects a litigant's ultimate success, or determines the outcome of a legal dispute. Reasonable people could disagree on a genuine issue. If reasonable people could reach only one conclusion, then there is no need for a trial on that issue and summary judgment is appropriate. Hines v. Garrett, XXXX-XXXX (La.6/25/04), 876 So.2d 764.
La. Highway 1 is included in the enumerated highways in La. 3:2803, which states, "[n]o person owning livestock shall knowingly, willfully, or negligently permit his livestock to go at large upon the following public highways of this state."
The supreme court in Hines v. Garrett, supra, noted that it is well settled that when an auto strikes a cow on one of the enumerated "stock law" highways, the burden of proof rests upon the owner of the animal to exculpate himself from even the slightest degree of negligence. To rebut the legal presumption of negligence or fault, the livestock owner must establish that he took all reasonable and prudent measures to enclose his livestock and must explain the presence of the animal on the road by showing when, where, and how the animal escaped. That is, the cattle owner must establish his "complete freedom from fault."
In Hines, supra, the defendant cow owner moved for summary judgment. The supreme court noted that only the first sentence of La. C.C.P. art. 966(C)(2) applied; i.e., "The burden of proof remains with the movant." The remainder of that provision[1] does not apply, since, under La. R.S. 3:2803, Bundrick had the burden of proving at trial that he was not negligent in allowing his cattle to be on the highway at the time of the crash. Moreover, Bundrick must show that (1) he took all reasonably prudent precautions to enclose his livestock, (2) how the animals escaped, and (3) he was free from fault in the slightest degree in that escape. If there is any evidence in the record from any source from which a reasonable inference in the nonmoving party's favor (here, Bundrick) may be drawn, then the moving party cannot obtain a summary judgment. Hines, supra.
In Hines, supra, the supreme court found that summary judgment was inappropriate because credibility was at issue. The defendant moved for summary judgment and presented inconsistent and self-serving statements to overcome the statutory presumption of negligence against him. The general rule in summary judgments is that the court is not to decide credibility issues. The cattle owner's credibility was a genuine issue of material fact better suited to a resolution at trial.
The posture of this summary judgment litigation is unusual due to the statutory presumption against the cattle owner in this "stock law highway" collision. Here, Bundrick correctly points out that both his and Austin's credibility are at issue. Austin stated at the scene and in his petition that the cow stepped in front of his vehicle, while at his deposition he indicated he saw no movement and the cow was standing in the road. Bundrick asserted in his affidavit in opposition to the summary judgment *841 that he took every prudent action necessary to secure his cattle and was in no way negligent.
Bundrick also acknowledged that he tied one strand of barbed wire around the gate, which was apparently pushed open by two bulls pursuing a cow in heat. Bundrick stated that no animals, to his knowledge, had ever escaped from that gate, which he carefully secured.
The trial court concluded Bundrick's action was legally insufficient to meet his obligation to keep his cows enclosed. We find that reasonable people could reach different conclusions as to whether or not Bundrick took sufficient action to fence his cattle, in light of the information that no animals had ever escaped through that gate. Bundrick stated that he took reasonably prudent precautions to enclose his cows, explained how the animals escaped, and asserted his action was not negligent. In light of his acknowledging that the mass of two fighting bulls could push over a barrier, Bundrick may have an uphill battle at trial on the merits. However, we believe Bundrick should have his day in court.

DECREE
Concluding that the trial court erred in finding that Bundrick's enclosure was legally insufficient to meet his duty under La. R.S. 3:2803, we reverse the partial summary judgment on the issue of liability and remand the matter for trial on the merits.
REVERSED AND REMANDED.
NOTES
[1] ". . . However, if the movant will not bear the burden of proof at trial on the matter that is before the court on the motion for summary judgment, the movant's burden on the motion does not require him to negate all essential elements of the adverse party's claim, action, or defense, but rather to point out to the court that there is an absence of factual support for one or more elements essential to the adverse party's claim, action, or defense. Thereafter, if the adverse party fails to produce factual support sufficient to establish that he will be able to satisfy his evidentiary burden of proof at trial, there is no genuine issue of material fact." La. C.C.P. art. 966(C)(2), in part.