LOLLEY, J.
 

 Bln this appeal, plaintiffs, Salvatore A. Cascio and John B. Sardisco, co-trustees of the Salvatore A. Cascio Trust, No. 2, ap
 
 *342
 
 peal the judgment of the 26th Judicial District Court, Parish of Bossier, State of Louisiana, which granted a partial summary judgment by Twin Cities Development, LLC, Christopher Graham, and Lee B. Santa Maria (collectively “Twin Cities”). For the following reasons, we affirm the trial court’s judgment.
 

 Facts
 

 Cascio and Sardisco are co-trustees of the Salvatore A. Cascio Trust, No. 2 (the “Trust”), which owns a 76-acre tract in Bossier Parish (“trust property”). On April 15, 2008, Cascio, acting on behalf of the Trust, entered into an oil, gas, and mineral lease of the trust property with Twin Cities, which was acting as an undisclosed agent of Chesapeake Louisiana, L.P. The lease granted Twin Cities the exclusive right to use the trust property for exploration and production of oil, gas, and minerals. The trust property overlays the Haynesville Shale, which is alleged by plaintiffs to be one of the richest natural gas reservoirs in the country. The plaintiffs also allege while they did not know the Haynesville Shale was situated below their property before entering into the lease agreement, Twin Cities had longstanding knowledge of this.
 

 In October 2008, plaintiffs filed suit against Twin Cities for rescission of the lease based on error concerning a substantial quality of the |2object of the contract. Twin Cities moved for partial summary judgment on this claim.
 
 [1]
 
 The trial court, ruling in favor of Twin Cities, determined that:
 

 [A]n error as to the existence of a mineral deposit is not an error as to a cause “without which the obligation would not have been incurred” under La. C.C. art. 1949. In addition, an error as to the existence of a mineral deposit is not an error as to a substantial quality which would vitiate consent under La. C.C. art. 1950.
 

 Thereafter, plaintiffs obtained certification of the partial summary judgment as a final judgment, and filed the instant appeal.
 

 Discussion
 

 A motion for summary judgment is a procedural device used when there is no genuine issue of material fact for all or part of the relief prayed for by a litigant.
 
 Samaha v. Rau,
 
 2007-1726 (La.02/26/08), 977 So.2d 880;
 
 Duncan v. U.S.A.A. Ins. Co.,
 
 2006-368 (La.11/29/06), 950 So.2d 544;
 
 see also
 
 La. C.C.P. art. 966. Appellate courts review summary judgments
 
 de novo,
 
 while considering the record and all reasonable inferences drawn from the record in the light most favorable to the non-movant.
 
 Hines v. Garrett,
 
 2004-0806 (La.06/25/04), 876 So.2d 764;
 
 Austin v. Bundrick,
 
 41,064 (La.App.2d Cir.06/30/06), 935 So.2d 836. Summary judgment is warranted only if there is no genuine issue of material fact and the mover is entitled to judgment as a matter of law. La. C.C.P. art. 966(C)(1). The burden of proof generally remains with the movant. La. C.C.P. art. 966(C)(2).
 

 |3A mineral lease is a contract by which the lessee is granted the right to explore for and produce minerals in consideration of the payment of a rental or bonus. La. R.S. 31:114;
 
 Odom v. Union Producing Co.,
 
 243 La. 48, 141 So.2d 649 (La.1961);
 
 Winnon v. Davis,
 
 32,988 (La.App.2d Cir.05/15/00), 759 So.2d 321. A mineral lease is governed by the Mineral Code. La. C.C. art. 2672. However, La. R.S. 31:2 provides:
 

 The provisions of [the Mineral] Code are supplementary to those of the Louisiana
 
 *343
 
 Civil Code and are applicable specifically to the subject matter of mineral law. In the event of conflict between the provisions of this Code and those of the Civil Code or other laws the provisions of this Code shall prevail. If this Code does not expressly or impliedly provide for a particular situation, the Civil Code or other laws are applicable.
 

 Therefore, courts most often apply the general rules of contract interpretation when interpreting contracts involving mineral rights.
 
 See, Stephenson v. Petrohawk Properties, L.P.,
 
 45,296 (La.App.2d Cir.06/02/10), 37 So.3d 1145, citing
 
 Blanchard v. Pan-OK Production Co., Inc.,
 
 32,-764 (La.App.2d Cir.04/05/00), 755 So.2d 376,
 
 writ denied,
 
 2000-1297 (La.06/23/00), 765 So.2d 1043.
 

 A contract is formed by the consent of the parties. La. C.C. art. 1927. However, consent may be vitiated by error, fraud, or duress. La. C.C. art. 1948. Error vitiates consent only when it concerns a cause without which the obligation would not have been incurred and that cause was known to the other party. La. C.C. art. 1949. Additionally, error may concern cause 14when it bears on the nature of the contract, or the thing that is the contractual object or a substantial quality of that thing. La. C.C. art. 1950. Cause is defined as the reason why a party obligates himself. La. C.C. art. 1967.
 

 Claim of Error
 

 Cascio and Sardisco claim that the contract, here the mineral lease, should be rescinded based on error regarding the object of the contract or a substantial quality thereof. Plaintiffs assert that the object of the mineral lease is the land and mineral formations, while the substantial quality of that object is the Haynesville Shale. They further argue that because they did not know the land they were leasing was not ordinary land, but land with exceptional qualities (namely the existence of the Haynesville Shale), this constitutes error that vitiates consent. Because of this, plaintiffs assert there exists a genuine issue of material fact and the trial court erred in granting summary judgment as to this issue of error.
 

 The present ease is very similar to
 
 Thomas v. Pride Oil & Gas Properties, Inc.,
 
 633 F.Supp.2d 238 (W.D.La., 2009). In
 
 Thomas,
 
 plaintiff entered into a mineral lease with the defendant for land the plaintiff owned. At the time the mineral lease was entered into, Thomas did not know the Haynesville Shale existed below his property; however, Pride Oil did know. Thomas sought to have the contract rescinded on grounds of error, among other things. The
 
 Thomas
 
 court, noting the “particularly speculative nature of mineral exploration and production,” found that there was no error that vitiated consent and dismissed Thomas’ claims.
 

 IsAs in the
 
 Thomas
 
 case, here we accept as true plaintiffs’ allegations that they did not know before entering into the mineral lease with Twin Cities that a potentially valuable shale deposit existed under the land and that Twin Cities did have such knowledge. However, this lack of awareness does not rise to the level of error concerning a substantial quality of the object of the contract that would serve to vitiate the plaintiffs’ consent. It should have been apparent to the plaintiffs that Twin Cities entered into such a lease agreement in order to explore for and hopefully discover and produce oil, gas, and minerals from that land. Twin Cities was willing to assume the expenses and risks involved with leasing the land, subsequently exploring it for mineral deposits, and producing and selling what was found there in accordance with unstable market conditions. The ease and success of such an exploration as well as the potential profit to be made could not have been
 
 *344
 
 assumed at such an early stage. As the Louisiana Supreme Court explained in
 
 Wilkins:
 

 [T]he inherent nature and character of the right to extract oil and gas from the soil is such as not to be susceptible of having an intrinsic, determinable, and fixable value. The element which enters into the valuation is too uncertain, conditional, and contingent. At most any value which may be fixed on the right is contemplative, speculative, and conjectural, not to say fanciful and theoretical.
 

 The seller who sells such rights,. and the buyer who buys, does so with a speculative intent, and it is a matter of common knowledge that every real estate owner uses his own judgment in estimating the sale value of his property. In the admitted speculative nature of the intangible right it is impossible that there could be any fixed and dependable valuation. The price may be at the very lowest today and by “leaps and bounds” reach the very peak of prices tomorrow, dependent on the production or nonpro-duction of oil and gas in the neighboring territory. After all is said the seller usually gets the best price in cash that he can get with the hope of getting a royalty in case |fioil or gas is discovered, and the buyer paying the price in cash estimated by the seller, assumes all of the chances and hazards of his undertaking.
 

 Wilkins v. Nelson,
 
 155 La. 807, 813-814, 99 So. 607 (1924).
 

 Here, while Twin Cities knew of the potential existence of the Haynesville Shale below plaintiffs’ property, there were other uncertainties that remained. Such uncertainties encompass the nature of mineral exploration.
 
 Id.
 
 Although plaintiffs did not know of the existence of the Haynesville Shale below the trust property, this lack of knowledge is unlike mistaking brass for gold, as plaintiffs analogized to the instant case.
 
 See Gullette v. Woods,
 
 448 So.2d 856 (La.App. 2d Cir.1984). A mistake that a bar is made of gold when it is really made of brass is a finite determination. Here, however, both the plaintiffs and the defendants could speculate as to the existence and value of minerals found on the trust property. There could be no finite determination due to the aforementioned speculative nature of mineral exploration.
 

 Additionally, a claim of error that is asserted regarding the value of a mineral lease is synonymous with a claim of lesion beyond moiety.
 
 Thomas,
 
 638 F.Supp.2d at 244. Because sales of mineral leases are not subject to rescission on this basis under La. R.S. 31:17, it follows that a claim of error on this basis cannot rescind the sale either.
 
 Id.
 
 Therefore, we find this contract may not be rescinded for error.
 

 | yCONGLUSION
 

 Considering the foregoing, we affirm the trial court’s judgment granting the motion for partial summary judgment on the error claim asserted by Twin Cities Development, LLC. All costs of this appeal are assessed to Salvatore A. Cascio and John B. Sardisco, co-trustees of the Salvatore A. Cascio Trust, No. 2.
 

 AFFIRMED.
 

 [1]
 

 . This motion also addressed claims of lesion; however, lesion is not an issue in this appeal because plaintiffs state in their appellate brief that they have asserted no lesion claims.