WILLIAMS, J.
| ¡.Plaintiff, Rent-A-Center East, Inc., appeals a district court’s grant of summary judgment in favor of defendant, Lincoln Parish Sales & Use Tax Commission. The district court declared that the sum of *97 $15,433.11, the amount in sales taxes Rent-A-Center paid under protest, was the property of the Lincoln Parish Sales & Use Tax Commission. The court also ordered Rent-A-Center to pay $1,543.31 in attorney’s fees. For the reasons that follow, we amend the judgment to award $2,500 in additional attorney’s fees for the appeal and the judgment, as amended, is affirmed.
FACTS
Rent-A-Center East, Inc. (“RAC”) owns and operates a retail outlet in Lincoln Parish, Louisiana. The retail outlet is in the business of displaying, renting, leasing and/or selling various articles of tangible personal property to its customers. Such property includes home electronics, appliances, computers, furniture and accessories. Most frequently, the items are rented/leased to customers; however, customers/lessees may also opt to purchase items.
When renting/leasing an item. from RAC, the customer has the option of either (1) accepting responsibility for any damage which might affect the rented/leased item, or (2) purchasing a liability damage waiver (“LDW”). If the customer elects to purchase a LDW, then RAC waives the right to charge the customer for any physical damage to the rentedfieased property. A LDW is an additional, optional feature and is offered at an added charge of 7.5% of the basic rental charge. If the customer/lessee chooses to pay the additional charge for a LDW, he or she signs an addendum to the rental |spurchase agreement, captioned “OPTIONAL LIABILITY DAMAGE WAIVER PROTECTION.” The charge for the LDW is added to each periodic payment.[1]
The Lincoln Parish Sales & Use Tax Commission (“the Commission”) conducted an audit of RAC’s records for the period of January 1, 2004, through March 31, 2007. During the course of the audit, it was discovered that RAC had collected sales taxes from its customers for the rental/lease of items, but had failed to charge, collect and remit sales taxes for the LDW purchases. The Commission issued a tax assessment in the amount of $15,433.11, which included penalties for nonpayment of taxes. RAC paid the full amount under protest. Thereafter, RAC filed the instant lawsuit, naming the Commission and Jerry W. Moore, in his capacity as its administrator, as defendants. RAC alleged that LDW payments were not taxable and requested a refund of the amount it had submitted under protest. The Commission filed an answer and a reconventional demand, alleging that it was entitled to retain the taxes levied, plus interest, penalties and attorney’s fees.
Subsequently, both parties moved for summary judgment. The district court granted summary judgment in favor of the Commission, concluding that the proceeds from the LDW sales were taxable “gross proceeds.” The court declared that the sum of $15,433.11, which RAC had paid under protest, was the property of. the Commission and ordered that sum.|4to be released from escrow. The court also ordered RAC to pay an additional amount of $1,543.31 in attorney’s fees. RAC’s motion for summary judgment was denied.
RAC now appeals. The Commission has answered the appeal, requesting that this *98 Court “award additional attomeyfs] fees for legal services rendered on appeal.”
DISCUSSION
RAC contends the district court erred in denying its motion for summary judgment and in granting summary judgment in favor of the Commission. RAC argues that the monies received by RAC for the LDW purchases were not subject to taxation because there is no specific provision in the tax statutes and ordinances which provide for the waivers.
A motion for summary judgment is a procedural device used when there is no genuine issue of material fact for all or part of the relief prayed for by a litigant. Somalia, v. Ran, 2007-1726 (La.2/26/08), 977 So.2d 880; Duncan v. USAA Ins. Co., 2006-368 (La.11/29/06), 950 So.2d 544; see also LSA-C.C.P. art. 966. Appellate courts review summary judgments de novo, while considering the record and all reasonable inferences drawn from the record in the light most favorable to the non-movant. Hines v. Garrett, 2004-0806 (La.6/25/04), 876 So.2d 764; Austin v. Bundrick, 41,064 (La.App.2d Cir.6/30/06), 935 So.2d 836. Summary judgment is warranted only if there is no genuine issue of material fact and the mover is entitled to judgment as a matter of law. LSA-C.C.P. art. 966(C)(1).
The burden of proof remains with the movant. LSA-C.C.P. art. 966(C)(2). However, if the movant will not bear the burden of proof at trial Ron the matter that is before the court on the motion for summary judgment, the movant’s burden on the motion does not require him to negate all essential elements of the adverse party’s claim, action, or defense, but rather to point out to the court that there is an absence of factual support for one or more elements essential to the adverse party’s claim, action, or defense. Id. Thereafter, if the adverse party fails to produce factual support sufficient to establish that he or she will be able to satisfy his or her evidentiary burden of proof at trial, then there is no genuine issue of material fact. Id.
LSA-R.S. 47:302 provides, in pertinent part:
[[Image here]]
B. There is hereby levied a tax upon the lease or rental within this state of each item or article of tangible personal property, as defined herein; the levy of said tax to be as follows:
(1) At the rate of two per centum (2%) of the gross proceeds derived from the lease or rental of tangible personal property, as defined herein, where the lease or rental of such property is an established business, or part of an established business, or the same is incidental or germane to the said business.
* * [2]j
In determining whether a transaction is taxable under the Louisiana sales and use tax statutes, courts have looked at the “essence of’ or the “real object” of the transaction. See, Enterprise Leasing Co. of New Orleans v. Curtis, 2007-0354 (La.App. 1st Cir.11/2/07), 977 So.2d 975, writ denied, 2007-2320 (La.2/1/08), 976 So.2d 719; McNamara v. Electrode Corp., 418 So.2d 652 (La.App. 1st Cir.), writ denied, 420 So.2d 986 (La.1982).
|fiIn the instant case, the trial court relied upon Enterprise Leasing, supra, in concluding that the proceeds derived from *99 the LDW sales were taxable. In that case, Enterprise was in the business of renting automobiles to customers. When renting an automobile, Enterprise customers had the option of either accepting responsibility for damage to the automobile or purchasing a collision damage waiver (“CDW’). If the customer elected to purchase a CDW, Enterprise would waive the right to recover damages from the customer for physical damage to the automobile. A dispute arose when Livingston Parish conducted an audit, which resulted in the Parish assessing sales and use taxes on monies Enterprise collected from its customers for purchases of the CDW. The court of appeal considered the res nova issue and concluded that the CDW payments were part of the gross proceeds derived from the lease or rental of automobiles and, therefore, were taxable. The court stated:
[T]he real object of the transaction is the lease of tangible personal property, a motor vehicle. Clearly, the CDW can only be made available with the lease or rental of a motor vehicle. Enterprise cannot separate the CDW from the principal lease as the CDW does not exist without the automobile lease. Nor can the CDW be purchased from another lessor. CDW payments are merely incidental to the lease of the tangible property.
Id. at 980.
After reviewing this record, the relevant statutes and jurisprudence, we find that proceeds derived from the LDW sales to RAC customers constitute “gross proceeds derived from the lease or rental of tangible personal property,” within the meaning of LSA-R.S. 47:302(B). The real object of 17the transactions between RAC and its customers was the rental/lease of tangible personal property, such as home electronics and furniture. Like the CDW product in Enterprise Leasing, supra, the LDW product can only be made available if a customer rents or leases tangible personal property from RAC. The company cannot separate the LDW from the principal rental/lease because the LDW does not exist without the lease of the property. Additionally, the LDW cannot be purchased from another renter/lessor. LDW payments are merely incidental to the rental/lease of the tangible property. Accordingly, we find that the district court did not err in granting summary judgment in favor of the Commission or in denying RAC’s motion for summary judgment.
RAC also contends the district court erred in awarding penalties in favor of the Commission. RAC argues that it did not collect or remit taxes for the LDW contracts because it believed, in good faith, that the LDW was not subject to taxation.
LSA-R.S. 47:1602 provides, in pertinent part:
A. When any taxpayer fails to make and file any return required to be made under the provisions of this Subtitle before the time that the return becomes delinquent or when any taxpayer fails to timely remit to the secretary of the Department of Revenue the total amount of tax that is due on a return which he has filed, there shall be imposed, in addition to any other penalties provided, a specific penalty to be added to the tax.
[[Image here]]
(Emphasis added).
In Wal-Mart Stores, Inc. v. Fitch, 36,762 (La.App.2d Cir.1/29/03), 836 So.2d 1155, writ denied, 2003-0593 (La.4/25/03), 842 So.2d 411, the | RCaddo-Shreveport Sales and Use Tax Commission conducted a sales and use tax audit of all Sam’s Club stores in Caddo Parish for the periods July 1995 through June 1999. Based on its *100 audit, the Commission determined that sales and use taxes were owed on the monies collected for Sam’s Club membership fees. The Commission assessed taxes, interest, penalties and attorney’s fees. Sam’s Club/Wal-Mart paid the taxes under protest and filed suit for a refund. The trial court granted summary judgment in favor of the Commission and ordered the release from escrow of all sums paid under protest to the Commission.
On appeal, Wal-Mart/Sam’s Club contested, inter alia, the imposition of interest and penalties. It argued that it did not collect and remit taxes on the memberships because it relied on a 1992 decision of the Louisiana Board of Tax Appeals, which ruled that the membership fees were not taxable. Wal-Mart contended the imposition of penalties and interest was “unwarranted and unfair” because it had relied upon the 1992 decision. This court affirmed the trial court’s judgment on the issue of interest and penalties, stating, “We have examined the applicable provisions of [the local ordinance] and the legislative statutes referred to therein, as well as the jurisprudence interpreting those statutes, and have found no provisions requiring the court to remit the interest and penalty imposed by the Commission.” Id. at 1160.
Also, in Enterprise Leasing, supra, the court found no error in the assessment of penalties. The court stated:
When a taxpayer fails to pay the taxes due, penalties and costs of a necessary audit may be assessed by the tax collector against the taxpayer. Whether good faith error or not, in failing to pay the taxes due, the tax collector was required to expend |fltime and money in auditing the taxpayer and discovering the shortage. As provided by law, the defaulting taxpayer, whether in good faith or not, must bear the burden of those expenses.
Id. at 982.
We agree with these decisions. LSA-R.S. 47:1602(A) provides that a penalty “shall be imposed” when a taxpayer fails to timely remit taxes owed. Additionally, we have reviewed the relevant ordinances, statutes and jurisprudence, and find that none of the provisions require the court to remit penalties imposed by the Commissioner. Accordingly, we find that the district court herein did not err in awarding penalties in favor of the Commission. This assignment lacks merit.
RAC also contends the district court erred in awarding attorney’s fees. At the time this action was filed, LSA-R.S. 47:1512 provided:
The collector is authorized to employ private counsel to assist in the collection of any taxes, penalties or interest due under this Sub-title, or to represent him in any proceeding under this Sub-title. If any taxes, penalties or interest due under this title are referred to any attorney at law for collection, an additional charge for attorney’s fees, in the amount of 10% of the taxes, penalties and interest due, shall be paid by the tax debtor.
(Emphasis added).
RAC argues that LSA-R.S. 47:1512 does not apply because it is not a “tax debtor.” RAC also argues that since the taxes have been paid under protest, it was not necessary for the Commission to retain counsel to collect taxes.
This argument lacks merit. The relevant statute provides that if an attorney is retained to assist in the collection of taxes, “an additional charge |infor attorney’s fees” shall be paid by the tax debtor. Payment of taxes under protest is not a timely payment of taxes so as to avoid *101 liability for attorney’s fees. See, South Central Bell Telephone Co. v. Traigle, 367 So.2d 1143 (La.1978); Enterprise Leasing Co., supra.
RAC also contends the award of attorney’s fees violated La. Const. Art. VII, § 3. RAC argues that it was authorized to submit the taxes under protest pursuant to LSA-R.S. 47:337.63.[3] According to RAC, it merely asserted its legal right to contest the “erroneous assessment” of taxes by paying its taxes under protest. RAC argues that the imposition of attorney’s fees unconstitutionally creates a “cost barrier” for those who choose to challenge taxes that are illegally assessed.
La. Const. Art. VII, § 3 provides, in pertinent part:
(A) The legislature shall prohibit the issuance of process to restrain the collection of any tax. It shall provide a complete and adequate remedy for the prompt recovery of an illegal tax paid by a taxpayer.
[[Image here]]
In City of Baton Rouge v. Stauffer Chemical Co., 500 So.2d 397 (La.1987), the Court concluded that the provisions of LSA-R.S. 47:1512 and related local ordinances did not violate the constitution. The Court explained, “[These provisions] are subject to judicial scrutiny on a case by case basis regarding whether the attorney fees as mandated by law are |;.reasonable and not excessive under the circumstances.” Id. at 401.
In the instant case, contrary to RAC’s argument, awarding statutorily mandated attorney’s fees does not interfere with a tax debtor’s right to pay taxes under protest. Pursuant to LSA-R.S. 47:337.63, RAC remitted the payment to the Commission and notified the Commission of its intention to file suit to recover the amount of the payment. The district court did not interfere with RAC’s right to remit the taxes under protest. Rather, the court awarded attorney’s fees for legal services rendered in connection with RAC’s ensuing lawsuit as mandated by LSA-R.S. 47:1512. Nothing in the Constitution prohibits the court from awarding attorney’s fees in this case. This assignment lacks merit.
The Commission has answered RAC’s appeal and requested additional attorney’s fees incurred for the appeal of this matter. Generally, an increase in attorney fees is allowed where a party was awarded attorney fees by the trial court, is forced to defend an appeal, and is successful on appeal. However, even though requested, additional attorney fees may not be granted where the appellate court finds that the amount awarded in the trial court was sufficient to compensate counsel for both the work at the trial court and the appellate court levels. Family Care Services, Inc. v. Owens, 45,505 (La.App.2d Cir.8/11/10), 46 So.3d 234; Sims v. Sun Chemical Corp., 34,947 (La.App.2d Cir.8/22/01), 795 So.2d 439.
In the instant case, in his request for additional attorney’s fees, counsel for the Commission did not include an invoice or affidavit to show a specific amount for the work completed in connection with this 112appeal. However, because we have affirmed the district court’s findings in favor *102 of the Commission, we find , it appropriate to award a reasonable amount of attorney’s fees for the appeal. Given the nature of the case, we find an additional award in the amount of $2,500 is reasonable. We thus amend the judgment to add an award of attorney’s fees for the defendant in the amount of $2,500. ■
' CONCLUSION
For the foregoing reasons, we affirm the summary judgment in favor ' of Lincoln Parish Sales & Use Tax Commission. The judgment is amended to award an additional $2,500 in attorney’s fees for the appeal. The judgment, as amended, is affirmed. Costs of the appeal are assessed to appellant.
AMENDED; AFFIRMED AS AMENDED.

. Each customer who opts to rent/lease is required to sign a "Rental Purchase Agreement,” which sets forth a description of the property rented/leased, the term of the lease, the frequency of payments (weekly, semimonthly or monthly), the amount of each payment, the amount of each payment for "optimal liability damage” and taxes.

. The applicable ordinances include City of Ruston Ordinance No. 941, as well as certain Lincoln Parish School Board and Lincoln Parish Police Jury ordinances which contain similar provisions.

. LSA-R.S. 47:337.63 provides, in pertinent part:
A. (l)(a) Any taxpayer protesting the payment of any amount found due by the collector or the enforcement of any provision of law in relation thereto shall remit to the collector the amount due and at that time shall give notice of intention to file suit for the recovery of such tax[J
[[Image here]]