DREW, J.
|,Laura and Charles Joiner appealed the summary judgment dismissing at their costs their suit seeking damages for a knee injury allegedly sustained by Mrs. Joiner when she got off an exercise bicycle during a physical therapy session. Named defendants were Jesse L. Wied, P.T. Physical Therapy Clinic, Inc. aka Wied Physical Therapy (“Wied”), and Wied’s insurer, American Casualty Company.
*427 Filed December 13, 2012, the plaintiffs’ petition asserted that Mrs. Joiner had neck surgery in Jackson, Mississippi, on December 1, 2011. Her surgeon prescribed physical therapy, which she began with Wied on December 20, 2011. For her first visits, the attendant adjusted the exercise bicycle for Mrs. Joiner prior to her using it and returned to assist her in getting off the machine.
On a third or fourth visit, Mrs. Joiner was placed on the same bicycle, but the attendant did not adjust it, and merely told Mrs. Joiner to get off after five minutes. The attendant left and did not return. The plaintiffs maintain Mrs. Joiner was left on the machine an excessive length of time, which resulted in her injuries: multiple tears of the posterior one-half medial meniscus, left knee and chondramalacia of medial femoral condyle. As a result of her injuries, Mrs. Joiner underwent an arthroscopic medial meniscectomy and an arthroscopic chondroplasty of the medial femoral condyle.
The plaintiffs asserted that her repair surgeries were not successful and that she had to undergo complete knee replacement surgery. Thereafter, she required surgery for the doctor to manipulate the prosthesis. Also, she ^alleged further left knee surgery may be necessary and the knee replacement may need to be redone. Additionally, plaintiffs stated in the petition that she has returned to using a walker and faces the possibility of being confined to a wheelchair.
Specific allegations of negligence were that the attendant failed to properly adjust the exercise bicycle and failed to return in time to prevent Mrs. Joiner’s injuries. Wied’s alleged negligence was hiring an improperly trained attendant and failing to supervise the attendant to ensure that she correctly performed her duties so as to prevent harm to Mrs. Joiner. The Joiners’ petition was accompanied by interrogatories and request for discovery.
In an affidavit filed December 2, 2013, Mrs. Joiner additionally asserted that in getting off the bicycle, she twisted and slightly torqued her left knee, which caused considerable pain and discomfort.
On January 16, 2013, the defendants transmitted to plaintiffs written interrogatories and requests for production of documents, as well as a medical release for Mrs. Joiner to sign. The defendants answered on January 22, 2013, asserting that Mrs. Joiner’s problems were associated with a preexisting condition and excepting that Charles Joiner had not stated a cause of action.
Defendants filed a motion to compel discovery responses against the Joiners, to which they attached defendants’ correspondence dated March 25, April 23, and May 5, 2013, seeking responses to their discovery requests. On November 4, 2013, the defendants filed a motion for summary judgment |saccompanied by a memo of authority and exhibits supporting the motion. The trial court set the heating on the motion for December 9, 2013. On December 2, the Joiners filed a motion to dismiss or stay the motion for summary judgment along with a memo and attached exhibits. On December 6, defendants filed an additional memo supporting their motion for summary judgment.
Notwithstanding the Joiners’ late filing of their request to dismiss or stay the defendants’ motion for summary judgment, the defendants wanted to proceed and noted that the Joiners had not requested a continuance of the hearing.
At the outset, the trial court heard arguments on the requested dismissal or stay. The Joiners argued that discovery was still pending and depositions needed to be taken of the Wied attendants. The trial court *428 observed that even assuming that the depositions of the attentive and inattentive attendants confirmed all of the Joiners’ allegations, not having those depositions was not significant in the trial court’s view. The Joiners supported their request for dismissal or stay with excerpts from the deposition of the Wied manager and affidavits from family, friends, and from Mrs. Joiner. After hearing argument, the trial court denied the Joiners’ motion to dismiss or stay, and granted the defendants’ motion for summary judgment.
DISCUSSION
The summary judgment procedure is designed to secure the just, speedy, and inexpensive determination of every action. The procedural tool |4is favored and courts shall construe it to accomplish these ends. La. C.C.P. art. 966(A)(2).
If the pleadings, depositions, answers to interrogatories, and admissions, together with the affidavits, if any, admitted for purposes of the motion for summary judgment, show that there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law, summary judgment shall be rendered. La. C.C.P. art. 966(B)(2).
In Rent-A-Center East, Inc. v. Lincoln Parish Sales & Use Tax Comm’n, 46,054 (La.App.2d Cir.3/9/11), 60 So.3d 95, writ denied, 2011-0713 (La.5/20/11), 63 So.3d 985, this court stated that appellate courts review summary judgments de novo, while considering the record and all reasonable inferences drawn from the record in the light most favorable to the nonmovants. The burden of proof remains with the mov-ants. La. C.C.P. art. 966(C)(2). However, if the movants will not bear the burden of proof at trial, the movants’ burden on the motion for summary judgment does not require them to negate all essential elements of the adverse parties’ claim, action, or defense, but rather to point out to the court that there is an absence of factual support for one or more elements essential to the adverse parties’ claim, action, or defense. Thereafter, if the adverse parties fail to produce factual support sufficient to establish that they will be able to satisfy their evidentiary burden of proof at trial, then there is no genuine issue of material fact. Rent-A-Center East, supra.
As provided in La. C.C.P. art. 967(B), the adverse parties may not rest on the mere allegations or denials of their pleading in response to a properly | ¿made and supported motion for summary judgment; rather, their response, by affidavits or otherwise, must set forth specific facts showing a genuine issue for trial. Otherwise, summary judgment shall be rendered against them, if appropriate. Jones v. Gaines, 43,049 (La.App.2d Cir.3/5/08), 978 So.2d 522, writ denied, 2008-0752 (La.6/20/08), 983 So.2d 1273.
After hearing arguments from counsel as to whether the case was a tort action or a medical malpractice action, the trial court analyzed it both ways, granting the summary judgment and dismissing plaintiffs’ action at their costs. The learned trial court’s detailed examination of the evidence and applicable law is incisive and thorough. We therefore adopt in its entirety the trial court’s Reasons for Ruling, which is incorporated into this opinion.
*429 [[Image here]]
*430 [[Image here]]
*431 [[Image here]]
*432 [[Image here]]
COPY TO ALL COUNSEL
^CONCLUSION
The Housley presumption noted in the trial court’s ruling granting summary judgment is a presumption that plaintiffs injury stemmed from an accident, if before the mishap the injured person was in good health, but commencing with the trauma, the symptoms of the injury appear and continuously manifest themselves after-wards, providing that the medical evidence shows there to be a reasonable possibility of causal connection between the accident and the disabling condition. Housley v. Cerise, 90-2304 (La.5/6/01), 579 So.2d 973, 980. Since the submissions showed that Mrs. Joiner had arthritic complaints and degenerative changes predating her physical therapy incident, the trial court correctly determined this presumption was inapplicable.
For the reasons set out in the trial court’s analysis of this claim, the summary judgment in favor of Jesse L. Wied, P.T. Physical Therapy Clinic, Inc. aka Wied Physical Therapy is affirmed in all aspects and with the plaintiffs cast with all costs including costs of this appeal.
DECREE
With plaintiffs cast with all costs, the judgment is AFFIRMED.